UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESUS MIGUEL ONTIVEROS VAZQUEZ,

    Plaintiff,

    v.

LIBERTY MUTUAL INSURANCE COMPANY,
et al.,

    Defendants.

Case No. 23-1234-HLT-BGS

**MEMORANDUM AND ORDER DENYING
MOTION FOR MORE DEFINITE STATEMENT**

The matter comes before the Court on Defendant Liberty Mutual Insurance Company's ("Liberty Mutual" or "Defendant") motion for a more definite statement. Doc. 24. Liberty Mutual requests that the Court enter an order requiring Plaintiff Jesus Miguel Ontiveros Vazquez ("Plaintiff" or "Mr. Vazquez") to provide a more definite statement regarding his allegations that Liberty Mutual denied policy benefits. Doc. 25. Plaintiff opposes the motion. Doc. 33. While his response is hard to understand, he primarily provides support that he has a cognizable claim and seeks to show how the Defendant is contractually liable. For the reasons stated herein, the motion is **DENIED**.

**I. Background Facts**

Plaintiff[1] filed his Complaint on November 2, 2023. Doc. 1. He brings claims against Liberty Mutual Insurance Company, Mark A. Kahrs, Mark A. Powell, and Sandra V. Gomez. His claims vary from defendant to defendant, but generally include: (1) breach of contract; (2)

---

[1] Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

negligence; (3) fraudulent misrepresentation; and (4) unfair or unconscionable collection practices. Plaintiff was previously injured in a car accident which resulted in litigation.[2] As a result of the injuries he suffered, he incurred significant medical expenses. He now alleges that Liberty Mutual lacked "a reasonable basis for denying policy benefits." Doc. 1. Specifically, he claims that Liberty Mutual is obligated to pay his medical creditors.

In response to the Complaint, three of the four Defendants moved to dismiss the case. *See* Docs. 6, 7. While those dispositive motions were pending, Liberty Mutual moved for a more definite statement. Doc. 24. Plaintiff responded to the motion on January 30, 2024. Doc. 33. Although a Reply has not yet been filed, the Court is prepared to rule.

## II. Analysis

Federal Rule of Civil Procedure 12(e) provides, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) should be considered in the context of Fed. R. Civ .P. 8, which establishes the general guidelines for pleadings. 5A Wright & Miller, Federal Practice and Procedure, § 1377 at 618 (1990). Federal Rule 8(a) sets forth three requirements for a Complaint: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a).

"The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief." *Ramos-Hernandez v. United States*, No. 11-CV-01073-BNB, 2011 WL 5459436, at *5 (D. Colo. Nov. 10, 2011) (citing *Monument Builders*

---

[2] Plaintiff previously brought a negligence action against Defendant Sandra Gomez for injuries he suffered from a car accident. The case settled and is closed. *See* Case No. 21-1263.

2

*of Greater Kansas City, Inc. v. Am. Cemetery Ass'n. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989)). "'Once a complaint meets these requirements, the [answering party] is put on notice of the nature of . . . [the] claim.'" *Berg v. Frobish*, No. 12-1123-KHV-KGG, 2012 WL 3112003, at *4 (D. Kan. July 31, 2012) (citation omitted).

The decision whether to grant or deny a motion for more definite lies within the sound discretion of the court. *Graham v. Prudential Home Mortg. Co.*, 186 F.R.D. 651, 653 (D. Kan. 1999). Motions for more definite statement are generally disfavored by the courts and should not be used as methods of pretrial discovery. *Feldman v. Pioneer Petroleum, Inc.*, 76 F.R.D. 83, 84 (W.D. Okla. 1977). "Requiring a more definite statement is appropriate when addressing unintelligible or confusing pleadings." *Suede Grp., Inc. v. S Grp., LLC*, No. CIV.A. 12-2654-CM, 2013 WL 183752, at *1 (D. Kan. Jan. 17, 2013) (citations omitted). Motions brought pursuant to 12(e) "are properly granted only when a party is unable to determine the issues" to which they must respond. *Norwood v. United Parcel Serv., Inc.*, No. 19-2496-DDC-JPO, 2020 WL 5802078, at *19 (D. Kan. Sept. 29, 2020) (quoting *Resolution. Trust Corp. v. Thomas*, 837 F. Supp. 354, 356 (D. Kan. 1993)). "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Id.* (quoting *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. March 5, 2004)).

The Court has reviewed Plaintiff's Complaint and does not find that his allegations and claims are so vague and ambiguous that Defendant cannot reasonably prepare a response. Plaintiff used the form provided by the Court in drafting his Complaint. In his form complaint, he identifies what claims he is pursuing against each Defendant. He provides a short, plain statement explaining why he believes he should recover from Liberty Mutual. Defendant argues that "Plaintiff's Complaint does not articulate a cognizable claim against it." Doc. 25, at 2. Defendant goes on to

3

argue why his allegations fail to support his claims.  Liberty Mutual seems to take particular issue with the absence of factual support and the failure to cite state and federal statutes.  However, the information Defendant contends is missing from Plaintiff's claims is not necessary for Defendant to respond to the allegations.  The issue of whether Plaintiff's claims provide sufficient facts or present a plausible claim is not necessary for the Court to determine on a motion for a more definite statement.  *See Norwood*, 2020 WL 5802078, at *19.

The Court finds that Plaintiff's Complaint meets the fair notice requirement of Rule 8(a). These claims, as judged by the standards set forth in Rule 12(e), are sufficient to require Defendant to respond.  The Court is satisfied that Defendant has sufficient information to adequately respond. Defendant's motion for more definite statement, doc. 24, is therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion for a More Definite Statement, doc. 24, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Liberty Mutual has until **February 15, 2024**, to answer or otherwise plead.

IT IS SO ORDERED.

Dated February 1, 2024, at Wichita, Kansas.

/s Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

4